

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3291 | **DATE** | 6/5/2003 |
| **CASE TITLE** | William J. Stevens etc. et al. Vs. Federal Election Commission | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. FEC's motion to dismiss or, in the alternative, for summary judgment, is granted, and plaintiffs' cross-motion for summary judgment is denied. Plaintiffs' complaint is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 0 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUN -5 PM 4:09 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

DOCKETED
JUN 0 6 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAMS J. STEVENS, former Treasurer )
of the Libertarian Party of Illinois, and the )
LIBERTARIAN PARTY OF ILLINOIS, )
)
Plaintiffs, )
)
vs. ) No. 02 C 3291
)
FEDERAL ELECTION COMMISSION, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, the Libertarian Party of Illinois (LPI) and its former treasurer, William J. Stevens, bring this action against defendant, the Federal Election Commission (FEC), contesting a civil penalty assessed against them. The FEC moves to dismiss or, alternatively, for summary judgment, and plaintiff moves for partial summary judgment. For the following reasons, the FEC's motion to dismiss is granted and plaintiffs' motion is denied.

## BACKGROUND

On June 22, 2001, the FEC sent a notice to All Party Committees giving directions re electronic filing of reports and reminding all committee treasurers that they must file a 2001 mid-year report of receipts and disbursements by July 31, 2001 *(Certified Admin. Record (CAR) tab 1)*. On August 20, 2001, the FEC sent a letter to Stevens informing him that LPI missed the due date by which to file and that its failure to file a timely report could result in a civil money penalty *(CAR tab 2)*. LPI filed its 2001 mid-year report on September 21, 2001 *(CAR tab 3)*. The report states that LPI received $57,434.19 in contributions and transfers during the first half of 2001 and lists the sum of these receipts under "Total Federal Receipts" *(id. at*

*AR0010)*. LPI also reported that it disbursed a total of $51,321.49, $16,551.04 of which is delineated as federal disbursements *(id. at AR0011)*.

On November 2, 2001, the FEC found that there was reason to believe that LPI violated 2 U.S.C. § 434(a) by failing to timely file its mid-year report. It sent a mailgram to Stevens and LPI on November 5, 2001, informing them of this finding *(CAR tab 6)*. The letter states that LPI's level of financial activity for the time period at issue was $108,755 (LPI's reported receipts and disbursements) and categorizes the activity as not election-sensitive. It projects that LPI will have to pay a civil penalty of $7,875, based on those estimates. The letter further states that LPI should pay the civil penalty or challenge the finding by December 12, 2001, and that if no response is made the FEC will assume that the allegations included in the letter are true and make a final determination accordingly. Stevens signed for the letter on November 7, 2001 *(id. at AR0063)*.

On March 25, 2002, the FEC made a final determination that LPI violated 2 U.S.C. § 434(a) and assessed a penalty. According to the FEC, a notice of this determination was sent by mailgram to LPI on March 27, 2002. The notice includes much of the same information as contained in the November 5, 2001 letter, and again sets a deadline by which to respond:

> If you choose to appeal the final determination, you should submit a written petition, within 30 days of receipt of this letter to the district court of the United States...requesting that the final determination be modified or set aside. See 2 U.S.C. 437g(a)(4)(C)(iii). Your failure to raise an argument in a timely fashion during the administrative process shall be deemed a waiver of the respondent's right to present such argument in a petition to the district court under 2 U.S.C. 437g. 11 C.F.R. 111.38.

This notice was received at the LPI address on April 6, 2002, and signed for by Julia Fox, LPI's assistant treasurer at the time *(CAR Tab 9, AR0076)*. LPI brought this suit on May 7, 2002, seeking relief from the determination.

## DISCUSSION

Before reaching the substantive issues in these motions we must determine if plaintiffs' claims are barred by the applicable statute of limitations. Under the Federal Election Campaign Act a party seeking judicial review of an FEC determination must file a complaint in the district court "prior to the expiration of the 30-day period which begins on the date the person receives notification of the determination." 2 U.S.C. §437g(a)(4)(C)(iii). The notice of final determination was received by an agent of LPI on April 6, 2002. If the 30-day period in which to file includes April 6, 2002, the date of receipt, then the 30-day period in which to file ended on a Sunday, May 5, 2002, and LPI had until Monday, May 6, 2002, to bring this action.

LPI cites Federal Rule of Civil Procedure 6(a) to support its contention that it had one extra day to bring this action, making its May 7, 2002, filing timely. But LPI misreads the rule. Under Rule 6(a), "[i]n computing any period of time prescribed or allowed...by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." Applying this rule to the statute of limitations at issue, the 30-day limit would start the day after receipt of the notice, April 7, 2002, and end on Monday, May 6, 2002. The May 7, 2002, filing is still a day late.

LPI next argues that even if it is barred from challenging the FEC's March 25, 2002 determination, it should still be allowed to bring the broader allegations in counts I and II under 28 U.S.C. § 1331. In count I, LPI alleges that the FEC improperly asserted jurisdiction over its funds, arguing that the committee was not involved in substantial federal activity during the time period at issue. In count II, LPI alleges that the FEC violated the First and Fourteenth Amendments, and exceeded its statutory authority by requiring LPI to report non-federal activity.

Notably, the remedies sought in counts I and II are a declaratory judgment that LPI is not in violation of 2 U.S.C. 434(a), and an order enjoining the FEC from enforcing the fine against them respectively. Regardless of the legal theories argued in both counts, LPI is essentially seeking a review of the FEC's adverse determination and resulting civil penalty. This brings the claims within the purview of 2 U.S.C. § 437g(a)(C)(iii), and as a result they are subject to the 30-day statute of limitation.[1]

A separate issue is raised by LPI's request to amend its complaint to include 2 U.S.C. § 437h as a basis for jurisdiction, and to include the additional allegation "that Stevens is an individual eligible to vote for the office of President." Section 437h states:

> [A]ny individual eligible to vote in any election for the office of president may institute such actions for declaratory judgment, as may be appropriate to construe the constitutionality of any provision of the Act. The district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals for the circuit involved, which shall hear the matter sitting en banc.

If we were to allow plaintiffs to amend their complaint, we would be certifying the question of whether the FEC has jurisdiction over the types of funds reported in LPI's 2001 mid-year report. The Supreme Court addressed the question of the FEC's reach in <u>Buckley v. Veleo</u>, 424 U.S.1 (1975). The <u>Buckley</u> court found that while compelling disclosure of contributions and expenditures does potentially infringe on First Amendment rights, it is a constitutionally permissible restriction in light of the government's interest in curbing campaign ignorance and corruption (*Id.* at 68). Notably, the Court's holding addressed only the constitutionality of monitoring federal campaign activity (*id.* at 13-14).

Plaintiffs argue that the FEC required them to report local and state activity outside

---

[1]While not a basis for the holding in this case, we note that LPI would face an additional challenge in overcoming FEC's affirmative defense of waiver since LPI did not contest the allegations against it after receiving the "reason to believe" notice and before receiving the final determination notice.

the permissible scope of Buckley. But the mid-year report on its face only requires the LPI, and all party committees, to report federal contributions and disbursements. The one exception is the reporting of shared federal/non-federal operating expenditures, but this is then broken up to determine what percentage of that amount constitutes federal activity. These requirements remain in the constitutional parameters set by Buckley. If the LPI erroneously included non-federal activity in its mid-year report, this mistake should have been brought to the attention of the FEC after receipt of the November 5, 2001, "reason to believe" notice. Similarly, if the LPI wanted to contest the disbursement amount attributed as federal activity, and then used to calculate the civil penalty, this should have been done through the administrative process. We deny plaintiffs' request to amend their complaint to include a challenge to the application of a provision of the FECA, which has already been blessed by the Supreme Court. *See generally* Cal. Medical Ass'n v. FEC, 453 U.S. 182, 192, n. 13, 14 (1981). If the LPI is looking for prospective relief from the FEC's reporting requirements that involve mixed funds, then under the Bipartisan Campaign Reform Act of 2002 it is required to bring its claims to the United States District Court for the District of Columbia. 2 U.S.C. § 437h NOTE, 116 Stat. 81, 113 (March 27, 2002).

## CONCLUSION

For the above reasons, FEC's motion to dismiss or, in the alternative, for summary judgment, is granted, and plaintiffs' cross-motion for summary judgment is denied. Plaintiffs' complaint is dismissed.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 5, 2003.